AO 241 (Rev. 12/04)                          Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Northern District of Ohio |
|---|---|
| Name (under which you were convicted):<br>Frank Eugene Tyson | Docket or Case No.:<br>2000-CR-849 |
| Place of Confinement:<br>Trumbull Correctional Institute, Leavittsburg, Ohio | Prisoner No.:<br>397-251 |
| Petitioner (include the name under which you were convicted)<br><br>Frank Eugene Tyson | v. | Respondent (authorized person having custody of petitioner)<br><br>Bennie Kelly, Warden |
| The Attorney General of the State of | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Stark County Court of Common Pleas
   Canton, Ohio

   (b) Criminal docket or case number (if you know): 2000-CR-849

2. (a) Date of the judgment of conviction (if you know): 10/27/2000

   (b) Date of sentencing: 11/6/2000

3. Length of sentence: 24 years

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Receiving Stolen Property
   Grand Theft Auto
   Failure to Comply with Signal or Order of Police Officer
   Burglary
   Kidnapping

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty     ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty         ☐ (4) Insanity plea

%AO 241 (Rev. 12/04)                                                                                                   Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?
N/A.

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes    ☐ No

8.  Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.  If you did appeal, answer the following:

(a) Name of court:    Court of Appeals for the Fifth Appellate District, Stark County, Ohio

(b) Docket or case number (if you know):    2000-CA-361

(c) Result:    Affirmed

(d) Date of result (if you know):    9/24/2001

(e) Citation to the case (if you know):    Unknown

(f) Grounds raised:
(1) Ineffective Assistance of Counsel.
(2) Abuse of Discretion and Due Process Deprivation in Denial of Motion for Continuance.
(3) Error in Imposition of Individual Maximum Sentences and an Aggragate Consecutive Maximum Sentences.
(4) Abuse of Discretion in Excusing Prospective Afro-American Juror for Cause.
(5) Verdict Against Manifest Weigth of the Evidence.

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241 (Rev. 12/04)

Page 4

      (5) Citation to the case (if you know):

      (6) Grounds raised:

  (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

      If yes, answer the following:

      (1) Docket or case number (if you know):

      (2) Result:
          11

      (3) Date of result (if you know):

      (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a)   (1) Name of court:   Stark County Common Pleas Court

        (2) Docket or case number (if you know):   2000-CRA-49

        (3) Date of filing (if you know):   11/26/2007

        (4) Nature of the proceeding:   Motion for C.R.33(B) "Unavoidably Prevented" Finding and for New Trial.

        (5) Grounds raised:
          (1) Irregularity in trial proceedings.
          (2) Prosecutorial and state witness misconduct.
          (3) Accident or surprise against which ordinary prudence could not have guarded.
          (4) Discovery of new evidence material to the defense.

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
          ☐ Yes   ☒ No

        (7) Result:   Denied.

        (8) Date of result (if you know):   3/11/2008

AO 241 (Rev. 12/04)

Page 5

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court:    Stark County Common Pleas Court

        (2) Docket or case number (if you know):    2000-CRA-49

        (3) Date of filing (if you know):    6/17/2008

        (4) Nature of the proceeding:    Petition for Post-Conviction Relief

        (5) Grounds raised:

           Same as Motion for New Trial, supra; and separate claim of ineffective assistance of trial counsel.

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☑ No

        (7) Result:    Denied.

        (8) Date of result (if you know):    10/17/2008

    (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court:    N/A

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

AO 241 (Rev. 12/04)
Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes ☐ No

(2) Second petition: ☐ Yes ☑ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
The Second Petition contained essentially the same substantive issue as the First Petition that was denied discretionary review in the Ohio Supreme Court.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See Sextions I through V of the attached Memorandum.

(b) If you did not exhaust your state remedies on Ground One, explain why:
N/A.

AO 241 Page 7
(Rev. 12/04)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:
The facts forming the basis for this issue were unknown at the time of appeal and could not, in the exercise of reasonable diligence, have been discovered in time to be included in the appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for "Unavoidably Prevented" Finding and for New Trial; and Petition for Post-Conviction Relief.
Name and location of the court where the motion or petition was filed:
Stark County Court of Common Pleas, Canton, Ohio

Docket or case number (if you know): 2000-CR-849

Date of the court's decision: 3/11/2008 and 11/17/2008, respectively.

Result (attach a copy of the court's opinion or order, if available):
Denied. Denied.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No (Both)

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No (Both)

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Fifth District Court of Appeals, Canton, Stark County, Ohio.

Docket or case number (if you know): 2008-CA-68 / 2008-CA-253

Date of the court's decision: 1/12/2009 / 1/26/2009

Result (attach a copy of the court's opinion or order, if available):
Affirmed (both).

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241                                                                                                               Page 8
(Rev. 12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:
  Notice of Appeal to Ohio Supreme Court, with Memorandum in Support of Jurisdiction.

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
  See "Ground One" supporting facts; and Petitioner's trial counsel failed to timely discover, analyze, understand, appreciate and/or effectively present the newly-discovered evidence on which Petitioner relied in his post-conviction motion and petition.

(b) If you did not exhaust your state remedies on Ground Two, explain why:
  Petitioner did not seek discretionary review by the Ohio Supreme Court because the "motion for new trial" appeal contained essentially the same issue as the post-conviction relief petition.

(c)     **Direct Appeal of Ground Two:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes   ☑ No

        (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:
          The facts forming the basis for this issue were unknown at the time of appeal and could not, in the exercise of reasonable diligence, have been discovered in time to be included in the appeal.

(d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☑ Yes   ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:     Petition for Post-Conviction Relief.

        Name and location of the court where the motion or petition was filed:
          Stark County Court of Common Pleas, Canton, Ohio

        Docket or case number (if you know):     2000-CR-849

        Date of the court's decision:     10/17/2008

AO 241 (Rev. 12/04)

Page 9

Result (attach a copy of the court's opinion or order, if available):
Denied.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Fifth District Court of Appeals, Canton, Stark County, Ohio.

Docket or case number (if you know): 2008-CA-253

Date of the court's decision: 1/26/2009

Result (attach a copy of the court's opinion or order, if available):
Affirmed.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two
None.

**GROUND THREE:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)    **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☐ Yes    ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No
   (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No
   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No
   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

AO 241            Page 11
(Rev. 12/04)

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

AO 241 Page 12
(Rev. 12/04)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No
(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241                                                                           Page 13
(Rev. 12/04)

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

All grounds have been presented to the Court of Appeals. Discretionary appeal of Ground One to the Ohio Supreme Court was denied. Since the issues were essentially the same, no such discretionary appeal was taken on Ground Two.

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:
No.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241 (Rev. 12/04)                                                                                                              Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:
   None.

(b) At arraignment and plea:
   Melissa Krier, Stark County Public Defender's Office

(c) At trial:
   Darrell W. Holland, Jr., 4200 Munson St., NW, Canton, OH 444718
   Wayne E. Graham, Jr., 4571 Stephen Cir., NW, Canton, OH 44718

(d) At sentencing:
   Ditto.

(e) On appeal:
   Kristine W. Beard, 4571 Stephen Cir., NW, Canton, OH 44718

(f) In any post-conviction proceeding:
   Michael D. Rossi, 151 E. Market St., Warren, OH 44481

(g) On appeal from any ruling against you in a post-conviction proceeding:
   Ditto.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The factual predicate of the claims presented could not have been discovered, through exercise of due diligence, until on or after 1/3/2007. Applications for State collateral review initially filed 11/26/2007 and exhausted by Ohio Supreme Court dismissal of discretionary appeal on 6/23/2009. 28 USC Sect. 2244 (d)(1)(D) and (2).

AO 241
(Rev. 12/04)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241            Page 16
(Rev. 12/04)

   (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Evidentiary hearings on his Motion for New Trial and Petition for Post-Conviction Relief.

or any other relief to which petitioner may be entitled.

_____
MICHAEL D. ROSSI, ESQ.
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on    7/27/2009    (date).

_____
MICHAEL D. ROSSI, Attorney for Petitioner
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

The person signing this petition is Petitioner's attorney and Petitioner is not signing this petition at this time because time is of the essence.

IN FORMA PAUPERIS DECLARATION

US District Court for the Northern District of Ohio
Eastern Division
[insert appropriate court]

\* \* \* \* \*

cc: Frank Eugene Tyson