STATE OF OHIO:

SS:

STARK COUNTY:

IN THE COURT OF COMMON PLEAS

STARK COUNTY, OHIO

STATE OF OHIO

Plaintiff(s)

-VS-

FRANK EUGENE TYSON

Defendant(s)

)
)
)
)
)
)
)
)
)
)

CASE NO. 2000-CR-0849

JUDGE LEE SINCLAIR

JUDGMENT ENTRY

This matter comes before the Court pursuant to a motion filed by the defendant on November 26, 2007, for a new trial pursuant to Ohio Criminal Rule 33. Defendant specifically moves the Court for two findings: 1) that he was unavoidably prevented from timely filing a Criminal Rule 33 motion for new trial; and 2) that he was unavoidably prevented from timely discovering the newly discovered evidence on which his Criminal Rule 33 motion for new trial relies.

The defendant supports the request for these findings with a brief and other accompanying exhibits.

The Court has reviewed the defendant's motion and the defendant's reply. The Court has also reviewed the response filed by the State of Ohio along with the accompanying documents.

A motion for new trial must be filed within specific time periods pursuant to the Rules of Criminal Procedure unless the defendant can prove that he was prevented from timely filing. The defendant bears the burden of such proof by clear and convincing evidence.

In this case the jury rendered a verdict on October 27, 2000. The motion for new trial was filed on November 26, 2007, in excess of seven years after the original jury verdict. The motion for new trial is untimely on its face. The question becomes whether the defendant can

prove by clear and convincing evidence that the late filing is legally excused. This is a threshold issue.

In discussing this matter, the Ohio Supreme Court has stated that newly discovered evidence must disclose a strong probability that it will change the result if a new trial is granted: that it has been discovered since the trial; that it could not in the exercise of due diligence have been discovered before the trial; that it is material to the issues; and that it is not merely cumulative to former evidence; and that it does not merely impeach or contradict the former evidence. See *State v. Hawkins*, 66 Ohio St.3d 339 (1993)

In reviewing all of the claims of the defendant, the Court finds that the defendant has not shown by clear and convincing evidence any valid reason for the extensive delay in filing the motion for new trial. The defendant has also not met the *Hawkins* standard. The Court finds that both the videotape issue and the affidavits of Mr. Hill and Ms. Hill have not timely been presented and the defendant has not met the burden of proof that the defendant was unavoidably prevented from timely filing a motion for new trial or that he was unavoidably prevented from timely discovery of the newly discovered evidence.

The motion is, therefore, denied in its entirety. Defendant's evidence does not meet the threshold of warranting a hearing in this matter. The evidence is clearly untimely. See for example, *State v. Johnson*, 2005-Ohio-3724 (Cuyahoga County Court of Appeals) and *State v. Wihlem*, 2005-Ohio-4400 (Fifth District Court of Appeals).

The motion is, therefore, denied. This shall constitute a final, appealable Order.

JUDGE LEE SINCLAIR

COPY TO:    DENNIS BARR, ESQ. (STARK COUNTY PROSECUTOR'S OFFICE)
            MICHAEL ROSSI, ESQ.



CLERK OF COURT OF APPEALS
STARK COUNTY, OHIO

## COURT OF APPEALS
## STARK COUNTY, OHIO
## FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | John W. Wise, J. |
| | : | Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 2008-CA-00068 |
| FRANK EUGENE TYSON | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |



| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal From Stark County Court Of Common Pleas Case No. 2000-CR-0849 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | |

APPEARANCES:

For Plaintiff-Appellant

JOHN D. FERRERO
Prosecuting Attorney
Stark County, Ohio

BY: RENEE M. WATSON
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South – Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellee

MICHAEL D. ROSSI
Guarnieri & Secrest, P.L.L.
151 East Market Street
P.O. Box 4270
Warren, Ohio 44482



NANCY S. REINBOLD, CLERK
Deputy
Date 1-13-09

*Edwards, J.*

{¶1}   Defendant-appellant Frank Tyson appeals from the March 11, 2008, Judgment Entry of the Stark County Court of Common Pleas denying his Motion for a New Trial Pursuant to Crim. R. 33. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On July 28, 2000, the Stark County Grand Jury indicted appellant on one count each of kidnapping in violation of R.C. 2905.01, a felony of the second degree, burglary in violation of R.C 2911.12, a felony of the second degree, failure to comply with the order or signal of a police officer in violation of R.C. 2921.331, a felony of the third degree, receiving stolen property in violation of R.C. 2913.51, a felony of the fourth degree, and grand theft of a motor vehicle in violation of R.C 2913.02, a felony of the fourth degree. At his arraignment on August 4, 2000, appellant entered a plea of not guilty to the charges.

{¶3}   A jury trial commended on October 26, 2000. The following testimony was adduced at trial.

{¶4}   A red truck was stolen from Dana Novelli on East Tuscarawas Street in Canton, Ohio when Novelli stopped to investigate two sweepers sitting on the side of the street. According to Novelli, a black male walked past him and apparently entered Novelli's truck and proceeded to drive away. Novelli attempted to cling to the vehicle, but was unable to prevent the theft.

{¶5}   Subsequently, State Highway Patrolman William Haymaker observed the truck and a chase ensued. During the chase, the truck went over an embankment into a strip mine and into the back entrance of Republic Steel. A white truck located on

Republic's plant area was then taken and driven through a police barricade. Trooper Joel Smith of the State Highway Patrol, who was positioned outside of the Republic Steel plant in his cruiser, followed the white truck and observed it violate several traffic control devices and strike parked cars, two houses and a utility pole. After hitting the pole, the truck stopped and the driver exited the same and proceeded on foot with Patrolman Smith in pursuit. Testimony was adduced at trial that the driver ran into a house occupied by Latonya Hill and her minor children, Brittany and Dwyone, on Second Street N.E., and then seized Brittany and used her as a shield before the Patrolman. The police arrested the man, who was identified as appellant, as he was fleeing the residence.

{¶6} Appellant testified at trial that he was not the thief, but had been standing on the street when sprayed with mace by the patrolman and was merely fleeing such unwarranted attack when he entered the Hill home with consent. Appellant was identified by both Brittany Hill and her brother, who also verified the patrolman's version as to the events in the home. Dwyone Hill had also observed appellant leave the crashed truck prior to entering his home. Latonya Hill, according to the children, was asleep on the second floor during these events.

{¶7} After the jury found appellant guilty of all of the counts contained in the indictment, the trial court, as memorialized in a Judgment Entry filed on November 6, 2000, sentenced appellant to a total of twenty-four (24) years in prison.

{¶8} Appellant then appealed his conviction and sentence. Pursuant to an Opinion filed on September 24, 2001, in *State v. Tyson*, Stark App. No. 2000CA00361, 2001-Ohio-1382, this Court affirmed appellant's conviction and sentence.

{¶9} Thereafter, on November 26, 2007, appellant filed a "Motion for Criminal Rule 33(B) 'Unavoidably Prevented' Findings and for New Trial." Appellant, in his motion, claimed that he was unavoidably prevented from timely filing his motion for a New Trial and that he was unavoidably prevented from discovering the newly discovered evidence upon which he based such motion. Appellant based his motion on videotapes played by the Prosecution at trial and prepared by Ohio State Highway Patrol Troopers. The videotapes were taken from VCRs in the cruisers of Ohio State Highway Patrol Troopers Haymaker and Smith. Trooper Haymaker testified at trial that the two made copies of the two tapes taken from their cruisers and put them onto one tape. Appellant claimed that the videotapes exonerated him because, when played separately rather than spliced together as they were at trial, they show that Trooper Smith, who was the State's sole eyewitness to identify appellant as the thief, was in fact four miles away when the white truck crashed and its operator fled on foot. Appellant also relied on an Ohio State Highway Patrol investigation which, he asserts, "contain[s] several temporal discrepancies in describing the various times and locations of the pursing law enforcement personnel...." In addition, appellant attached to his motion affidavits from Dwyone and Brittany Hills, both of which were executed on February 20, 2001, in which they recanted their trial testimony and stated that the Prosecutor had told them to lie at trial.

{¶10} Pursuant to a Judgment Entry filed on March 11, 2008, the trial court denied appellant's motion. The trial court, in its entry, stated, in relevant part, as follows:

{¶11} "In reviewing all of the claims of the defendant, the Court finds that the defendant has not shown by clear and convincing evidence any valid reason for the

extensive delay in filing the motion for new trial.... The Court finds that both the videotape issue and the affidavits of Mr. Hill and Ms. Hill have not timely been presented and the defendant has not met the burden of proof that the defendant was unavoidably prevented from timely filing a motion for new trial or that he was unavoidably prevented from timely discovery of the newly discovered evidence."

{¶12} Appellant now raises the following assignment of error on appeal:

{¶13} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR CRIMINAL RULE 33(B) 'UNAVOIDABLY PREVENTED' FINDINGS AND FOR NEW TRIAL."

I

{¶14} Appellant, in his sole assignment of error, argues that the trial court erred in denying his "Motion for Criminal Rule 33(B) 'Unavoidably Prevented' Findings and for New Trial." We disagree.

{¶15} Crim.R. 33 governs new trials. Under Crim.R. 33(A)(6), a new trial may be granted when "new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial."

{¶16} Subsection (B) of Crim.R. 33 states, in relevant part, as follows:

{¶17} "Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed

within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein."

{¶18} "A party is 'unavoidably prevented' from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence." *State v. Lee,* Franklin App. No. 05AP-229, 2005-Ohio-6374, at ¶8, citing *State v. Carr,* Franklin App. No. 02AP-1240, 2003-Ohio-2947. See also, *State v. Walden* (1984), 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859.

{¶19} In this case, appellant's Motion for New Trial was filed on November 26, 2007, clearly outside of the fourteen day rule.

{¶20} However, appellant based his motion on allegedly newly discovered evidence. Crim.R. 33(B) provides that motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered or from the trial court's decision unless "it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely." (Emphasis added). Thus, an untimely motion for new trial based on newly discovered evidence must show, by clear and convincing proof, that the defendant was "unavoidably prevented" from discovering the new evidence. *State v. Fortson,* Cuyahoga App. No. 82545, 2003-Ohio-5387 at ¶ 10.

{¶21} In *State v. Petro* (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus, the Supreme Court of Ohio held the following: "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must

be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. (*State v. Lopa,* 96 Ohio St. 410, 117 N.E. 319, approved and followed)."

{¶22}  In the case sub judice, the trial court found, and we concur, that appellant failed to show by clear and convincing evidence that he was unavoidably prevented from timely discovery of the "newly discovered" evidence. The videotapes that appellant claims were newly discovered were played at appellant's trial in 2000 and, appellant concedes, were available for separate viewing pretrial.    Appellant, in his brief, specifically concedes that the State made the videotapes available to the defense as part of discovery.  The videotapes would have indicated the date and time(s) the taping was taking place. Appellant, in an affidavit attached to his June 17, 2008, response to the State's response to his Motion for a New Trial, stated, in relevant part, as follows:

{¶23}  "9. Sometime in 2002-2003, the OSHP [Ohio State Highway Patrol] provided him with its investigation, together with one (1) videotape, a copy of the spliced tape played at trial.

{¶24}  "10. On or about 2/13/02, Bill Johnson, Evidence Administrator, Stark County Court of Common Pleas, provided him with the attached inventory of evidence that included '(7) video of car Nr. 360' and '(8) video of car Nr. 1405.'

{¶25}  "11. On or about 7/23/02, Johnson provided him with the attached instructions for obtaining copies of the videotapes.

{¶26} "12. Sometime thereafter, he obtained copies of both videotapes.

{¶27} "13. Over the course of the next 2-3 years, he sought legal counsel, Attorneys Fischbein-Cohen and Lodico respectively, for the purpose of viewing and interpreting both tapes forward, backward, separately and simultaneously via two (2) video replay machines and a pause button.

{¶28} "14. For technical reasons and repeated communication failures between attorneys and client, however, the viewing and interpretation never occurred until 7/07, with videographer and current counsel, as a result of which and for the first time he drew the conclusion that constitutes the grounds for his pending new trial motion.

{¶29} Thus, by appellant's own admission, he had the separate videotapes at least two to three years before he filed his motion and had the Ohio State Highway Patrol investigation in 2002 or 2003. Appellant, however, did not file his motion until November 26, 2007.

{¶30} As is stated above, appellant also attached the affidavits of Dwyone and Brittany Hill to his Motion for a New Trial. Both, in their affidavits, recant their trial testimony and state that the Prosecutor told them to lie while testifying at trial. However, both affidavits were notarized on February 20, 2001, well within the time to file a motion for a new trial based on newly discovered evidence. However, as noted by appellee, appellant "waited more than six and a half years after the execution of the affidavits to file his motion for new trial."

{¶31} Based on the foregoing, we find that the trial court did not err in denying appellant's motion as untimely. We concur with the trial court that appellant failed to

show that he "was unavoidably prevented from timely filing a motion for new trial or that he was unavoidably prevented from timely discovery of the newly discovered evidence."

{¶32} Appellant's sole assignment of error is, therefore, denied.

{¶33} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.


By: Edwards, J.

Hoffman, P.J. and

Wise, J. concur

JUDGES

JAE/0730

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT    09 FEB 17 PM 3: 43

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | |
| | : | JUDGMENT ENTRY |
| - vs - | : | |
| | : | CASE NO. 2008 CA 00068 |
| FRANK EUGENE TYSON | : | |
| Defendant-Appellant | : | |

This matter comes before the Court on defendant-appellant's January 16, 2009, Application for Reconsideration of this Court's January 12, 2009, Opinion. This Court, in our opinion, found that the trial court did not err in denying defendant-appellant's Motion for a New Trial as untimely. In our Opinion, we concurred with the trial court that defendant-appellant failed to show that he "was unavoidably prevented from timely filing a motion for new trial or that he was unavoidably prevented from timely discovery of the newly discovered evidence."

The test generally applied in reviewing an App.R. 26(A) motion for reconsideration "is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for the court's consideration that was either not considered at all or was not fully considered by the court when it should have been." *State v. Wong* (1994), 97 Ohio App.3d 244, 246, 646 N.E.2d 538.

Defendant-appellant, in his application, argues, in relevant part, as follows:

A TRUE COPY TESTE:
NANCY S. REINBOLD, CLERK
By *L. Flickinger* Deputy
Date ..2/18/09

"Pursuant to App.R. 26(A), your Appellant, Frank E. Tyson, moves the Court to reconsider its decision without regard to its Opinion's ¶ 29:

"Thus, by appellant's own admission, he had the separate videotapes at least two to three years before he filed his motion and had the Ohio State Highway Patrol investigation in 2002 or 2003. Appellant, however, did not file his motion until November 26, 2007.

"Under Crim.R. 33(B), the time between discovery [of the newly-discovered evidence] and filing [the motion for new trial] is irrelevant when ruling on an untimely new trial motion."

However, this Court, in our Opinion, specifically stated, in relevant part, as follows in paragraph 22: "In the case sub judice, the trial court found, and we concur, that appellant failed to show by clear and convincing evidence that he was unavoidably prevented from timely discovery of the 'newly discovered' evidence. The videotapes that appellant claims were newly discovered were played at appellant's trial in 2000 and, appellant concedes, were available for separate viewing pretrial. Appellant, in his brief,

specifically concedes that the State made the videotapes available to the defense as part of discovery." (Emphasis added). It is on such basis that we affirmed the decision of the trial court.

Defendant-appellant's Application for Reconsideration is, therefore, denied.

IT IS SO ORDERED.

_Julie A. Edwards_

_William B. Hoffman_

_____
JUDGES

JAE/dr/rmn

# The Supreme Court of Ohio

State of Ohio

     v.

Frank Eugene Tyson

Case No. 2009-0409

E N T R Y

Upon consideration of the jurisdictional memoranda filed in this case, the Court denies leave to appeal and dismisses the appeal as not involving any substantial constitutional question.

(Stark County Court of Appeals; No. 2008CA00068)

THOMAS J. MOYER
Chief Justice

# IN THE COURT OF COMMON PLEAS
## STARK COUNTY, OHIO

| | | |
|---|---|---|
| State of Ohio, | ) | Case No. 2000CR0849 |
| | ) | |
| | ) | |
| Plaintiff, | ) | Judge Lee Sinclair |
| | ) | |
| vs. | ) | |
| | ) | JUDGMENT ENTRY |
| Frank Eugene Tyson, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the Court upon the petition of the defendant, Frank Eugene Tyson ("Tyson"), for post-conviction relief. The State of Ohio ("the State") filed a response to said motion, in conjunction with a motion to dismiss and motion for summary judgment. Upon review, the Court finds Tyson's petition not well-taken and further finds the State's motions to dismiss and for summary judgment well-taken for the reasons set forth in the following findings of fact and conclusions of law.[1]

On July 28, 2000, Tyson was indicted by a Stark County Grand Jury on one count of kidnapping, a felony of the second degree, in violation of R.C. 2905.01; one count of burglary, a felony of the second degree, in violation of R.C. 2911.12,; one count of failure to comply with an order or a police officer, a felony of the third degree, in violation of R.C. 2921.331; one count of grand theft of a motor vehicle, a felony of the fourth degree, in violation of R.C. 2913.02; and one count of receiving stolen property, a felony of the fourth degree, in violation of

---

[1] It appears as though Tyson refiled his motion for new trial pursuant to Crim.R. 33(B), along with a reply brief, on June 17, 2008. The Court finds that the motion for a new trial is an exact copy of the motion for a new trial filed November 26, 2007, and overruled by this Court on March 11, 2008. To the extent that Tyson has refiled the motion for new trial in an attempt to have this Court reconsider its position relative thereto, the Court **OVERRULES** such motion for the reasons set forth in the Court's March 11, 2008, entry.

R.C. 2913.51. On October 27, 2000, Tyson was found guilty on all counts of the indictment and sentenced by this Court, via judgment entry filed November 6, 2000, to 24 years in prison.

Tyson appealed his convictions and sentence on November 28, 2000. On September 24, 2001, the Fifth District Court of Appeals affirmed his convictions and sentence. See, *State v. Tyson* (Sept. 24, 2001), 5th Dist. No. 2000CA00361.

Over six years after his convictions and sentence were affirmed by the Fifth District Court of Appeals, Tyson filed a motion for a new trial pursuant to Crim.R. 33(B). In such motion, Tyson argued that his delayed motion for a new trial was the result of "newly discovered evidence" of which he was unavoidably prevented from timely discovering. This Court overruled Tyson's motion for a new trial on March 11, 2008. Tyson appealed this Court's decision denying Tyson's motion for a new trial to the Fifth District Court of Appeals on March 27, 2008. That matter remains pending before the Court of Appeals. See, *State v. Tyson*, 5th Dist. No. 2008CA00068.

On June 17, 2008, Tyson filed the instant petition for post-conviction relief, wherein he fully incorporated his previous motion for a new trial. Post-convictions relief proceedings are collateral proceedings, which are civil in nature and are not part of the underlying criminal case. *State v. Nichols* (1984), 11 Ohio St.3d 40. Petitions for post-conviction relief are governed by R.C. 2953.21, which provides, in part, as follows:

> (A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence,

2

stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

(2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

As the instant petition was not filed until nearly seven years after Tyson's conviction and sentence were affirmed by the Fifth District Court of Appeals, the Court finds it to be untimely. Therefore, in order to be considered by this Court, Tyson's petition must meet the criteria for an untimely and/or successive petition. R.C. 2953.23 (A) provides for untimely and/or successive petitions for post-conviction relief only if both of the following conditions are met:

(1) Either of the following applies:

(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.

(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

In this case, even assuming that Tyson could show that he was "unavoidably prevented" from discovering the facts upon which his petition is based as a result of ineffective assistance of counsel, prosecutorial misconduct, or any other constitutional violation alleged, the Court finds that he has not shown by clear and convincing evidence that, but for such constitutional error(s) at trial, no reasonable factfinder would have found him guilty. Specifically, Tyson argues that the evidence which he was "unavoidably prevented" from discovering, i.e., videotapes from Highway Patrol cars and the Highway Patrol investigation file, is inconsistent with the trial testimony of Trooper Smith, the only police officer to observe Tyson exit the stolen vehicle and enter the Hill home. The trial testimony of Trooper Smith and the video from his patrol car (Car 360) show that, at 23:51:06 hrs., Trooper Smith was in pursuit of the stolen vehicle. However, the video from Car 1450 shows Trooper Smith at the strip mine location at 23:51:05 hrs.

The Court finds the difference in the videotapes to be explainable and not part of a sinister plot by the State to wrongly convict an innocent person, as suggested by Tyson. Rather, the Court believes, and has not been shown evidence contrary, that the clocks in the video recording units of Cars 360 and 1450 were not in sync. Such conclusion is supported by the observable difference in the tracking marks (i.e., date, time, etc, shown on the videos) made by the different recording units. Further, the "opinion" of at least one of the video "experts" submitted by Tyson is based upon the assumption that the video systems in Cars 360 and 1450 were synchronized. However, Tyson has not shown to this Court any evidence that clocks in the video recording units of Cars 360 and 1450 were

4

synchronized on the night of his arrest, or even that the Highway Patrol has a routine practice of synchronizes its patrol cruiser cameras.

To the extent that Tyson's motion is additionally based upon the alleged recantations by Brittany Hill and Dwoyne Hill, the Fifth District Court of Appeals has noted that

> [r]ecantations of prior testimony are to be examined with utmost suspicion. *State v. Germany* (Sept. 30, 1993), Cuyahoga App. No. 63568, citing *United States v. Lewis* (C.A. 6, 1964), 338 F.2d 137, 139. 'Recantation by a significant witness does not, as a matter of law, entitle the defendant to a new trial. This determination is left to the sound discretion of the trial court.' *State v. Walker* (1995), 101 App.3d 433, 435, 655 N.E.2d 823.

*State v. Thorne*, 5th Dist. No. 2003CA00388, 2004-Ohio-7055. Upon review, the Court finds the recantations presented via affidavit lack credibility. Further, the Court finds that, even if the aforementioned recantations were credible, there was sufficient significant evidence presented at trial to support the conclusion that Tyson committed the offenses charged.

Accordingly, the Court finds that Tyson has failed to show by clear and convincing evidence that, but for the constitutional errors alleged, no reasonable factfinder would have found him guilty. As such, the Court finds that Tyson has failed to meet all of the jurisdictional requirements set forth in R.C. 2953.23 (A) and, therefore, this Court is without jurisdiction to consider Tyson's untimely petition for post-conviction relief.

However, even if this Court did have jurisdiction to consider the instant petition, in *State v. Perry* (1967), 10 Ohio St.2d 175, the Supreme Court of Ohio found that *res judicata* was a proper basis upon which to dismiss, without hearing, a petition for post-conviction relief. The court in *Perry* held that *res*

*judicata* bars a convicted defendant in a post-conviction relief petition any defense that was raised or could have been raised by the defendant at trial or on direct appeal. Id. at paragraph nine of syllabus. See also, *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 1996-Ohio-337. The Court finds that arguments presented by Tyson in his petition for post-conviction relief were apparent at the time of the direct appeal of his conviction and could have been raised at that time. As such, the Court finds that such arguments are barred by *res judicata*.

Having found a lack of jurisdiction and/or no merit to Tyson's petition, and further finding that *res judicata* bars his arguments, the Court finds that Tyson is not entitled to an evidentiary hearing on the instant petition.

Therefore, for the reasons set forth herein, as well as those set forth in the State's response and memorandum in support of its motions, the Court finds Tyson's petition for post-conviction relief not well-taken and **DISMISSES** same. Further, the Court finds the State's motion to dismiss and for summary judgment well-taken and **SUSTAINS** same.

**IT IS SO ORDERED.**

HON. LEE SINCLAIR

**NOTICE TO THE CLERK:**
**FINAL APPEALABLE ORDER**
**Case No. 2000CR0849**

Date

**IT IS HEREBY ORDERED** that notice and a copy of the foregoing judgment entry shall be served on all parties of record within three (3) days after docketing of this Entry and the service shall be noted on the docket.

HON. LEE SINCLAIR

c: Renee M. Watson
Michael D. Rossi

6

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

FRANK EUGENE TYSON

    Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Julie A. Edwards, J.

Case No. 2008CA00253

O P I N I O N

CHARACTER OF PROCEEDING:

Appeal from the Stark County Court of
Common Pleas, Case No. 2000CR00849

JUDGMENT:

Affirmed

DATE OF JUDGMENT ENTRY:

APPEARANCES:

For Defendant-Appellant

For Plaintiff-Appellee

MICHAEL D. ROSSI
GUARNIERI & SECREST, P.L.L.
151 East Market Street, P.O. Box 4270
Warren, Ohio 44482

JOHN D. FERRERO
PROSECUTING ATTORNEY
STARK COUNTY, OHIO

BY: RENEE M. WATSON
Assistant Prosecuting Attorney
110 Central Plaza, South, Suite 510
Canton, Ohio 44702-1413





*Hoffman, J.*

{¶1}   Defendant-appellant Frank Tyson appeals the October 17, 2008 Judgment Entry entered by the Stark County Court of Common Pleas, which denied his Petition for Post-conviction Relief. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On July 28, 2000, the Stark County Grand Jury indicted Appellant on one count of kidnapping, in violation of R.C. 2905.01, a felony of the second degree;  one count of burglary, in violation of R.C 2911.12, a felony of the second degree; one count of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331, a felony of the third degree; one count of receiving stolen property, in violation of R.C. 2913.51, a felony of the fourth degree; and one count of grand theft of a motor vehicle, in violation of R.C 2913.02, a felony of the fourth degree. Appellant appeared for arraignment on August 4, 2000, and entered a plea of not guilty to the charges.

{¶3}   The matter proceeded to jury trial on October 26, 2000.[1] After hearing all the evidence and deliberations, the jury found Appellant guilty of all of the charges contained in the Indictment.  The trial court sentenced Appellant to an aggregate prison term of twenty-four (24) years. The trial court memorialized Appellant's convictions and sentence via a Judgment Entry filed November 6, 2000.   Appellant appealed his convictions and sentence to this Court. This Court affirmed Appellant's convictions and sentence. *State v. Tyson*, Stark App. No. 2000CA00361, 2001-Ohio-1382.

---

[1] For a complete recitation of the facts underlying Appellant's convictions, see *State v. Tyson*, Stark App. No. 2000CA00361, 2001-Ohio-1382; and *State v. Tyson*, Stark App. No. 2008CA00068, 2009-Ohio-104.

{¶4} On November 26, 2007, Appellant filed a "Motion for Criminal Rule 33(B) 'Unavoidably Prevented' Findings and for New Trial." Therein, Appellant claimed he was unavoidably prevented from timely filing his motion for a new trial and also was unavoidably prevented from discovering the newly discovered evidence upon which he based such motion. Specifically, Appellant maintained the videotapes played at trial called into question Trooper Smith's identification of Appellant as the driver of the stolen van. Appellant explained Trooper Haymaker testified he and Trooper Smith merged two videotapes from their individual cruisers onto one tape. Appellant claimed the videotapes exonerated him because, when played individually rather than spliced together as was done at trial, the tapes showed Trooper Smith, who was the State's sole eyewitness to identify Appellant as the thief, was four miles away when the white truck crashed and its operator fled on foot. Appellant also relied on an Ohio State Highway Patrol investigation which, he asserts "contain[s] several temporal discrepancies in describing the various times and locations of the pursing law enforcement personnel...." In addition, Appellant attached to his motion affidavits from Dwyone Hill and Brittany Hill, both executed on February 20, 2001, in which they recanted their trial testimony and stated the Prosecutor had instructed them to lie at trial.

{¶5} Via Judgment Entry filed on March 11, 2008, the trial court denied Appellant's motion, finding Appellant failed to show by clear and convincing evidence any valid reason for the extensive delay in filing his motion for new trial. The trial court also found Appellant had not timely presented the issue of the videotape and the affidavits of Mr. Hill and Ms. Hill, and failed to meet his burden of proving he was

unavoidably prevented from timely discovering this evidence. Appellant appealed the trial court's decision to this Court. This Court affirmed the trial court's decision, finding "appellant failed to show by clear and convincing evidence that he was unavoidably prevented from timely discovery of the 'newly discovered' evidence". *State v. Tyson*, supra.

{¶6} On June 17, 2008, following the trial court's denial of his motion for new trial, Appellant filed a petition for post-conviction relief. Therein, Appellant fully incorporated his motion for new trial. Via Judgment Entry filed October 17, 2008, the trial court overruled the petition, finding Appellant "failed to meet all of the jurisdictional requirements set forth in R.C. 2953.23(A) and, therefore, this Court is without jurisdiction to consider Tyson's untimely petition for post-conviction relief." October 17, 2008 Judgment Entry at 5.

{¶7} It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

{¶8} "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT, AND IN DISMISSING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT HEARING.

I

{¶9} Herein, Appellant challenges the trial court's denial of his petition for post-conviction relief.

{¶10} Appellant was convicted in October, 2000. Without question, the petition filed by Appellant in June, 2008, is untimely. In order for a court to recognize an

untimely post-conviction petition pursuant to R.C. 2953.23 (A)(1), both of the following requirements must be established:

{¶11} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶12} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."

{¶13} Appellant's petition for post-conviction relief was predicated upon the same arguments as those asserted in his motion for new trial. This Court recently affirmed the trial court's denial of Appellant's motion for new trial, finding '[A]ppellant failed to show by clear and convincing evidence that he was unavoidably prevented from timely discovery of the 'newly discovered' evidence." *State v. Tyson,* supra at para. 22. This finding is now law of the case. Because Appellant failed to establish he was unavoidably prevented from discovering the new evidence, we find the trial court did not err in denying his petition for post-conviction relief as untimely.

{¶14} Appellant's sole assignment of error is overruled.

{¶15} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Edwards, J. concur

_____
HON. WILLIAM B. HOFFMAN

_____
HON. W. SCOTT GWIN

_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
        Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
FRANK EUGENE TYSON                     :
                                       :
        Defendant-Appellant            :          Case No. 2008CA00253

    For the reasons stated in our accompanying Memorandum-Opinion, the

judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to

appellant.

                                    _____
                                    HON. WILLIAM B. HOFFMAN

                                    _____
                                    HON. W. SCOTT GWIN

                                    _____
                                    HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | : |
| Plaintiff/Appellee | : |
| | : |
| -vs- | : |
| | : |
| FRANK EUGENE TYSON | : |
| | : |
| Defendant/Appellant | : |

JUDGMENT ENTRY

CASE NO. 2008CA00253

This matter came before this Court on Appellant Frank E. Tyson's Application for Reconsideration pursuant to App. R. 26(A). Therein, Appellant asks this Court to reconsider our decision in *State v. Tyson*, Stark App. No. 2008CA00253, 2009-Ohio-374.

In considering an application for reconsideration, we have stated the proper standard for our review is whether the application "calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 523 N.E.2d 515, citing *Matthews v. Matthews* (1981), 5 Ohio App.3d 140, 5 OBR 320, 450 N.E.2d 278. However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." *State v. Owens* (1997), 112 Ohio App.3d 334, 336, 678 N.E.2d 956, dismissed, appeal not allowed, 77 Ohio St.3d 1487, 673 N.E.2d 140.

A TRUE COPY TESTE:
NANCY S. REINBOLD, CLERK
By *T.a.Flickinger* Deputy
Date ...3/9/00 9.........

1

We find Appellant's application does not call to this Court's attention an obvious error in our decision or raise an issue for consideration which we did not consider at all or not fully consider when it should have been. Accordingly, Appellant's Application for Reconsideration is denied.

IT IS SO ORDERED.

WBH/ag;2/27/09

March 13, 2009


Frank E. Tyson, #397-251
TCI
P.O. Box 901
Leavittsburg, OH  44430


      Re:    ***State of Ohio v. Tyson***
              Fifth District Court of Appeals Case No: 2008-CA-253


Dear Frank:

We'll pass on Ohio Supreme Court discretionary review of 253 since 68, now in discretionary review before that Court, contains the same substantive legal issue.

Very truly yours,



MICHAEL D. ROSSI
MDR:rn