# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| FRANK EUGENE TYSON, | ) | Case No.: 5:09 CV 1754 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| BENNIE KELLY, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On July 28, 2009, Petitioner Frank Eugene Tyson ("Tyson" or "Petitioner") filed a petition for writ of habeas corpus ("Petition," ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court convictions for kidnaping, burglary, failure to comply with the order or signal of a police officer, receiving stolen property, and grand theft of a motor vehicle. He raises the following two grounds for relief:

> Ground 1: Prosecutorial misconduct for withholding exculpatory evidence in violation of the Fourteenth Amendment.
>
> Ground 2: Ineffective assistance of trial counsel for failing to timely discover, analyze, understand, appreciate and/or effectively present the newly-discovered evidence on which Petitioner relied in his post-conviction motion and petition.

He claims that the prosecutor withheld certain videotapes from him that would demonstrate that he was not the perpetrator of the crime. Furthermore, he claims that his trial counsel failed to timely discover

evidence, which includes videotapes from recording devices around the scene of the crime, that would have exonerated him.

Respondent Bennie Kelly ("Respondent" or "Kelly"), warden, filed a Motion to Dismiss Habeas Petition as Time Barred (ECF No. 7). This court referred the case to Magistrate Judge Kenneth S. McHargh ("Magistrate Judge McHargh"), for preparation of a Report and Recommendation ("R&R"), which was issued on January 26, 2010. (R&R, ECF No. 9.) Magistrate Judge McHargh recommends that the court grant Respondent's Motion and dismiss Tyson's Petition. For the reasons that follow, the court adopts the Report and Recommendation, and grants Respondent's Motion to Dismiss.

In the R&R, Magistrate Judge McHargh properly sets forth the procedural history in this case. After a jury trial, Tyson was found guilty on all counts in the indictment, and received a twenty-four year sentence on November 6, 2000. He then timely appealed his conviction, which was affirmed by the appellate court. In November of 2007, he filed with the trial court a Motion for New Trial, claiming that there were videotapes that he had newly discovered, which exonerated him. The trial court denied his Motion, and the state appellate court affirmed the decision. He again appealed to the Supreme Court of Ohio, which dismissed the appeal. He also filed a petition for post-conviction relief with the trial court in June 2008. This petition was also denied, and the denial was upheld on appeal. Tyson, thereafter, filed the instant Petition.

Magistrate Judge McHargh first concludes that based on the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs this Petition and sets forth a one-year statute of limitation, Tyson's Petition is untimely. He then addresses whether this untimeliness should be excused based on equitable tolling, specifically under a theory of actual innocence as asserted by Tyson. As explained in the R&R, actual innocence serves as an exception to an otherwise procedurally defaulted constitutional

claim on habeas review. (R&R at 9, citing *McSwain v. Davis,* No. 06-1920, 2008 WL 2744640 (6th Cir. July 15, 2009); *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005)). A habeas petitioner asserting actual innocence must establish that he or she has new reliable evidence that shows that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt." (R&R at 9, quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This new reliable evidence is generally in the form of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." (R&R at 9, citing *Schlup*, 513 U.S. at 324.) Additionally, the Sixth Circuit has held that "a habeas petitioner must present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008) (quoting *Schlup*, 513 U.S. at 316).

Tyson has argued throughout this action that he is innocent, claiming that he was not the perpetrator of the crimes committed. To support his actual innocence claim, he argues that five videotapes depicting what occurred on the day in question as well as affidavits from witnesses recanting their testimony demonstrates that he was not the person who committed these crimes. Magistrate Judge McHargh rejected this argument, concluding that he failed to "point to any new factual evidence which was unavailable at trial that would undermine the validity of his conviction." (R&R at 13.)

Tyson raises two objections to the R&R with regard to his actual innocence claim. First, he argues that there is a factual error therein that relates to two patrol car videotapes that were played sequentially at Tyson's trial. Tyson has argued before several courts that when the tapes are played separately, the time displayed on the videotapes indicate that the officer, Trooper Joel Smith, who purportedly identified him as the perpetrator was not in a location to identify him. Furthermore, the Magistrate Judge's conclusion that this evidence was of no consequence because Tyson admitted that

Smith identified him before arresting him was erroneous. Regardless of this purported error, the R&R makes clear that the videotapes are not new evidence, which is required to support a claim of actual innocence. *See Schlup*, 513 U.S. at 324. New evidence is that which either did not exist at the time of trial or otherwise could not have been presented earlier. *Lee v. Kemma*, 534 U.S. 362, 375 n. 7 (2002). In the instant case, Tyson admits to having access to these tapes during the trial. (Pet'r Br. in Opp. Resp't Mot. to Dismiss at 4-5, ECF No. 8) ("Indeed, OSHP Car Nos. 1405 and 360 videotapes . . . were all available for use at or near the time of trial.") Therefore, this purported factual error does not nullify the conclusion that these tapes are not new evidence.

Second, he claims that the R&R specifically addresses only the videotapes of OSHP Car Nos. 1405 and 360 and not the four videotapes from other police cars who were allegedly on the scene that he pointed to in support of his actual innocence argument. The court agrees that it appears that the R&R does not expressly discuss these additional tapes. However, the court disagrees that Tyson has established actual innocence through these videotapes. In the instant case, Tyson merely points to the government's failure to produce these videos. He nowhere discusses the actual content of the videos. He only leaves the court to speculate about their contents and their possible bearing on his case. An allegation of a failure to produce evidence does not alone demonstrate actual innocence. *See Oguaju v. Eichenlaub*, No. 06-CV-15501, 2008 U.S. Dist. LEXIS 58473, at *8 (E.D. Mich. Aug. 1, 2008).

Furthermore, he claims that the tapes will "presumably" identify the actual perpetrator of the crimes without expressly showing how the tapes establish his innocence. (Pet'r Mot. for Leave to Supp. Pet. at 8, ECF No. 6-1.) Tyson bears the burden of showing that "this is one of those extraordinary cases where a credible claim of actual innocence has been established by new reliable evidence." *McSwain v. Davis*, 287 F. App'x 450, 461 (6th Cir. 2008). Merely pointing to the existence of surveillance tapes

falls short of demonstrating that he is actually innocent of these crimes. He has not shown that a juror, acting reasonably, would have found him innocent beyond a reasonable doubt in light of the new evidence he has presented to the court; and based on the evidence presented, this court does not lack confidence in the outcome of the trial. Accordingly, Tyson has not demonstrated actual innocence through these additional videotapes. Consequently, the court agrees with Magistrate Judge McHargh's conclusion that he is not entitled to equitable tolling based on a claim of actual innocence.

Upon careful review of the Magistrate Judge McHargh's Report and Recommendation, Petitioner's Objections and all other relevant files in the record, the court finds that the Magistrate's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Magistrate Judge McHargh's Report and Recommendation (ECF No. 9), and dismisses Tyson's Petition.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

February 24, 2010