No. 10-3289

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| FRANK EUGENE TYSON, | ) | **FILED** |
| | ) | Feb 24, 2011 |
| Petitioner-Appellant, | ) | LEONARD GREEN, Clerk |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| BENNIE KELLY, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | 5:09cv1754 |
| | ) | |
| | ) | |

Frank Eugene Tyson, an Ohio prisoner proceeding through counsel, appeals the judgment of the district court dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court declined to issue a certificate of appealability (COA), and Tyson has now filed an application for a COA with this court. Fed. R. App. P. 22(b)(1). He has also filed a motion to proceed in forma pauperis on appeal.

On November 6, 2000, the trial court sentenced Tyson to twenty-four years of imprisonment after a jury convicted him of kidnapping, burglary, failure to comply with the order of a police officer, receiving stolen property, and grand theft of a motor vehicle. The Ohio Court of Appeals affirmed the conviction and sentence. *State v. Tyson*, No. 2000CA00361, 2001 WL 1141263 (Ohio Ct. App. Sept. 24, 2001). Tyson did not seek review with the Ohio Supreme Court.

On November 26, 2007, Tyson filed a "Motion for Criminal Rule 33(B) 'Unavoidably Prevented' Findings and for New Trial," in which he argued that he was unavoidably prevented from timely filing his motion for a new trial. The trial court denied this motion, and the Ohio Court of Appeals affirmed. *State v. Tyson*, No. 2008CA00068, 2009 WL 74002 (Ohio Ct. App. Jan. 12, 2009). On June 17, 2008, Tyson filed a motion for post-conviction relief. The trial court denied the

petition, and the Ohio Court of Appeals affirmed. *State v. Tyson*, No. 2008CA00253, 2009 WL 212409 (Ohio Ct. App. Jan. 26, 2009).

On July 28, 2009, Tyson filed this petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio. His petition raised two grounds for relief. First, he argued that the state had engaged in prosecutorial misconduct by withholding exculpatory evidence. Second, he argued that his trial counsel had been constitutionally ineffective for failing to timely discover, analyze, and present newly discovered evidence. The magistrate judge issued a report and recommendation, finding that the petition was untimely and that Tyson was not entitled to equitable tolling. Tyson objected to the report and recommendation, arguing that there was newly discovered evidence that raised doubts about his actual guilt. The district court overruled these objections, found that Tyson was not entitled to equitable tolling, and dismissed the petition for a writ of habeas corpus. *Tyson v. Kelly*, No. 5:09 CV 1754, 2010 WL 743735 (N.D. Ohio Feb. 25, 2010). In a subsequent order, the district court declined to grant a COA.

Tyson now moves this court for a COA. In his motion, he argues that the issues of equitable tolling and actual innocence are ripe for review. In particular, he argues that the surveillance tapes and full Ohio State Highway Patrol (OSHP) report were not available at trial, and "may very well 'actually identify the perpetrator of the crimes . . . .'"

Without a COA, Tyson may not appeal the district court's judgment. 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Tyson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Under this standard, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the habeas petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* If there is a plain procedural bar, and the district court correctly invoked that bar to dispose of the

case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* State court prisoners seeking a writ of habeas corpus in federal court have one year in which to file their application. 28 U.S.C. § 2244(d)(1)(A)-(D). "[T]he limitations period runs from the latest of four statutorily prescribed events." *In re Garner*, 612 F.3d 533, 536 (6th Cir. 2010) (citing 28 U.S.C. § 2244(d)(1)(A)-(D)).

The district court dismissed Tyson's petition because it was untimely, and because Tyson had failed to show equitable tolling should apply. In his COA application, Tyson does not dispute the fact that his petition is untimely, but argues that equitable tolling was appropriate under the theory that he is actually innocent.

A claim of actual innocence can be raised to prevent a procedural bar from precluding review of the merits of a petitioner's constitutional claims. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). However, this "actual innocence" claim should only be applied to rare and extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (internal quotation marks and citation omitted). "To establish actual innocence, a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (internal quotation marks and citation omitted). In this context, actual innocence does not mean legal insufficiency; it means factual innocence. *Id.* As a threshold matter, a petitioner hoping to proceed under an actual innocence theory must demonstrate that new facts raise sufficient doubt about his guilt so as to undermine confidence in the result of the trial. *Id.*

Tyson argues that the surveillance tapes and the full OSHP report "may very well 'actually identify the perpetrator of the crimes.'" This claim, unsupported by more, falls short of satisfying the actual innocence standard. Tyson does not detail what precisely these tapes or the full report will show, or explain how the tapes or the full report would actually exonerate him. At trial, the prosecution presented evidence from videotapes taken from two of the troopers' cruisers. In addition, Highway Patrol Trooper Joel Smith testified at trial that he saw Tyson exit the stolen

vehicle, and that he chased Tyson into a nearby house, before subduing him.  Tyson's unsubstantiated claim that the new tapes and the full OSHP report *may very well* identify the actual perpetrator fails to demonstrate that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.  A reasonable jurist could not conclude that the district court erred in dismissing the petition on procedural grounds.

Tyson's application for a COA is denied in its entirety.  His motion to proceed in forma pauperis is denied as moot.

ENTERED BY ORDER OF THE COURT

*[signature]*

Clerk